JEFFREY L. WEISS (Bar No. 012012)
VERONICA-ADELE R. CAO
   (Bar No. 022378)
WEISS & MOY, P.C.
4204 N. Brown Ave.
Scottsdale, AZ 85251
Tel: (480) 994-8888
Fax: (480) 947-2663
*jweiss@weissiplaw.com*
*vcao@weissiplaw.com*

*Proposed Liaison Counsel for the Class*

(Additional Counsel on Signature Page)

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DOUGLAS N. GAER, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>APOLLO GROUP, INC; JOHN SPERLING; GREGORY W. CAPPELLI; CHARLES B. EDELSTEIN; GREGORY J. IVERSON; JOSEPH L. D'AMICO; and BRIAN L. SWARTZ,<br><br>                    Defendants. | Case No. 10-cv-1735-GMS<br><br>MOTION AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PUERTO RICO GOVERNMENT EMPLOYEES & JUDICIARY RETIREMENT SYSTEMS ADMINISTRATION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS<br><br>**Oral Argument Requested** |
| JOHN T. FITCH, individually and on behalf of all other similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>APOLLO GROUP, INC., an Arizona corporation; JOHN SPERLING, an individual; GREGORY W. CAPPELLI, an individual; CHARLES B. EDELSTEIN, an individual; GREGORY J. IVERSON, an individual; JOSEPH L. D'AMICO, an individual; and BRIAN L. SWARTZ, an individual,<br><br>                    Defendants. | Case No. 10-cv-2044-FJM |

(caption continued on next page)

| | |
|---|---|
| ROBERT ROTH, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC; JOHN SPERLING; GREGORY W. CAPPELLI; CHARLES B. EDELSTEIN; GREGORY J. IVERSON; JOSEPH L. D'AMICO; BRIAN L. SWARTZ; BRIAN MUELLER; TERRI C. BISHOP; and PETER V. SPERLING,<br><br>Defendants. | Case No. 10-cv-2121-ROS |

# MOTION

Puerto Rico Government Employees & Judiciary Retirement Systems Administration ("Puerto Rico GERS") hereby moves this Court for an Order: (1) appointing Puerto Rico GERS as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*; (2) approving its selection of Abraham, Fruchter & Twersky, LLP as Lead Counsel and Weiss & Moy, P.C. as Liaison Counsel for the class; and (3) consolidating all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. In support of this Motion, Puerto Rico GERS submits herewith a Memorandum of Points and Authorities.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  STATEMENT OF FACTS .......................................................................................... 2

III. ARGUMENT ............................................................................................................... 3

    A.   Puerto Rico GERS Should Be Appointed Lead Plaintiff .................................................................................................. 4

        1.   Puerto Rico GERS Has The Largest Financial Interest In The Relief Sought ............................................... 4

        2.   Puerto Rico GERS Otherwise Satisfies The Requirements Of Rule 23 ............................................................ 4

    B.   The Court Should Approve Puerto Rico GERS' Selection Of Lead Counsel ................................................................................. 7

    C.   The Court Should Consolidate The Related Actions ............................................................................................................. 7

IV.  CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Armour v. Network Assocs.*,
    171 F. Supp. 2d 1044 (N.D. Cal. 2001) ........................................................................ 6

*Armstrong v. Davis*,
    275 F.2d 849 (9th Cir. 2001) ........................................................................................ 4

*Bowman v. Legato Sys.*,
    195 F.R.D. 655, 659 (N.D. Cal. 2000) ......................................................................... 6

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ............................................................................... *passim*

*Erikson v. Cornerstone Propane Ptnrs.*,
    2003 U.S. Dist. LEXIS 18009 (N.D. Cal. Sept. 9, 2003) ............................................. 5

*In re Equity Funding Corp. of Am. Sec. Litig.*,
    416 F.Supp. 161 (C.D. Cal. 1976) ................................................................................ 8

*In re Fuqi International Sec. Litig.*,
    No. 10 Civ. 2515-DAB (S.D.N.Y.) ............................................................................... 5

*Hall v. Medicis Pharm. Corp.*,
    No. 08 Civ. 1821, 2009 U.S. Dist LEXIS 24093 (D. Ariz. Mar. 10, 2009) ............ 4, 7

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497, 508 (9th Cir. 1992) ................................................................................ 4

*Miller v. Ventro Corp.*,
    No. 01 Civ. 1287, 2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) .............................. 8

*Mohanty v. BigBand Networks, Inc.*,
    No. 07 Civ. 5101, 2008 WL 426250 (N.D. Cal. Feb. 14, 2008) ................................... 7

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003). ....................................................................................... 5

*Teamsters Local 617 Pension and Welfare Fund v. Apollo Group, Inc.*,
    No. 06 Civ. 2674, 2007 U.S. Dist LEXIS 67354 (D. Ariz. Sept. 10, 2007). ................ 5

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 78(J)(B) ............................................................................................................ 1

15 U.S.C. § 78(t) .................................................................................................................. 1

15 U.S.C. § 78u-4(a), et. seq. ...................................................................................... *passim*

17 C.F.R. § 240.10b-5 ......................................................................................................... 1

Fed. R. Civ. P. 23 ........................................................................................................ *passim*

Fed. R. Civ. P. 42................................................................................................................*passim*

H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. (1995), reprinted in 1995
    U.S.C.C.A.N. 679, 690 ............................................................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

Puerto Rico Government Employees & Judiciary Retirement Systems Administration ("Puerto Rico GERS") respectfully submits this memorandum in support of its motion: (1) to be appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of its selection of the law firms of Abraham, Fruchter & Twersky LLP ("Abraham, Fruchter & Twersky") as Lead Counsel for the class and Weiss & Moy, P.C. ("Weiss & Moy") as Liaison Counsel for the class; and (3) consolidation of all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

I. PRELIMINARY STATEMENT

Currently pending in this District are three securities class actions (the "Actions"), brought on behalf of all persons who purchased securities of Apollo Group, Inc. ("Apollo Group," or the "Company") between February 12, 2007 and August 3, 2010, inclusive (the longest alleged "Class Period"). The Actions allege violations of Section 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78(J)(B) and 78(t)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Apollo Group and certain of its executive officers and directors. The first of the Actions was filed on August 13, 2010, by shareholder Douglas N. Gaer. On August 16, 2010, Mr. Gaer published notice of the pendency of his action to investors, which provided a deadline to seek Lead Plaintiff status by October 15, 2010.[1]

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief

---

[1] A copy of Mr. Gaer's notice is attached as Exhibit A to the Declaration of Veronica-Adele R. Cao in Support of the Motion of Puerto Rico Government Employees & Judiciary Retirement Systems Administration for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel, and Consolidation of All Related Actions (herein, the "Cao Decl.").

sought by the class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Puerto Rico GERS believes that it is the "most adequate plaintiff" by virtue of its significant financial interest in Apollo Group securities. Specifically, Puerto Rico GERS incurred losses of approximately $844,201 (as calculated under either the "First-In, First-Out" ("FIFO") or "Last-In, First-Out" ("LIFO") method) in connection with its purchases of Apollo Group securities during the Class Period.[2] Apollo Group further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of the other members of the proposed class, and it will fairly and adequately represent the class.

In this regard, Puerto Rico GERS is a sophisticated institutional investor with experience serving as lead plaintiff on behalf of a class of investors, and is therefore the paradigmatic Lead Plaintiff under the PSLRA. Moreover, Puerto Rico GERS has selected and retained Abraham, Fruchter & Twersky, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the class, and Weiss & Moy, an experienced litigation law firm in this District, to serve as Liaison Counsel for the class. Accordingly, Puerto Rico GERS respectfully requests that the Court appoint it as Lead Plaintiff.

Puerto Rico GERS also moves to consolidate all related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure as each action involves common questions of law or fact relating to Defendants' untrue statements about Apollo Group's business and operations during the Class Period.

II.   STATEMENT OF FACTS

Apollo Group, based in Phoenix, Arizona, is a private education provider. The Company offers educational programs and services both online and on-campus at the

---

[2] A copy of the Certification of Puerto Rico GERS is attached to the Cao Decl. at Exh. B.

undergraduate, graduate, and doctoral levels through its wholly-owned subsidiaries. Throughout the Class Period, defendants represented that Apollo Group's student enrollment, and thus its revenues and profits, were growing. However, defendants' statements regarding the Company's performance and growth were materially false and misleading when made because defendants failed to disclose that the Company's purported growth and profits were achieved through an improper course of conduct, including fraudulently inducing students to enroll in Apollo Group's scholastic and educational programs, and engaging in other manipulative recruiting tactics.

The truth about Apollo Group's improper recruiting tactics began to emerge on January 7, 2010, when, after the close of trading, the Company issued a press release disclosing, among other things, that the U.S. Department of Education expressed a concern that some students had enrolled and began attending classes before completely understanding the implications of enrollment, including their eligibility for student financial aid. The next trading day, the price per share of Apollo Group stock declined from the previous close of $63.94 to $60.50, a decline of $3.44, or 5.4%, on heavier than usual trading volume.

Then, on August 3, 2010, the United States Government Accounting Office (the "GAO") published a report finding that certain for-profit schools (i) used deceptive recruiting practices; (ii) inflated their tuition costs; and (iii) engaged in other "troubling" practices. As a result of these disclosures, the price per share of Apollo Group stock fell from its close of $47.14 on August 2, 2010, to a close of $42.83 on August 6, 2010, a decline of $4.34, or approximately 9%.

III.   ARGUMENT

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). Puerto Rico GERS satisfies this deadline by making this motion.

     A.     Puerto Rico GERS Should Be
<u>Appointed Lead Plaintiff</u>

Puerto Rico GERS respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*; *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

     1.     Puerto Rico GERS Has The Largest
<u>Financial Interest In The Relief Sought</u>

Puerto Rico GERS should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730. As demonstrated herein, Puerto Rico GERS has losses of $844,201 (utilizing FIFO or LIFO) from the purchase of Apollo Group securities. *See* Cao Decl. at Exh. C. In addition, during the Class Period, Puerto Rico GERS purchased a total of 90,585 shares of Apollo Group stock, transacted 15,935 "net shares" of Apollo Group stock, and expended net funds of $1,536,014.24 on Apollo Group stock. *Id.*

To the best of Puerto Rico GERS' knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest arising from the purchase Apollo Group securities. Accordingly, Puerto Rico GERS believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

     2.     Puerto Rico GERS Otherwise
<u>Satisfies The Requirements Of Rule 23</u>

In addition to possessing the largest financial interest in the outcome of the litigation, Puerto Rico GERS also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant must only

make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See Hall v. Medicis Pharm. Corp.*, No. 08 Civ. 1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093, *7 (D. Ariz. Mar. 10, 2009), *citing Cavanaugh*, 306 F.3d at 730. Here, Puerto Rico GERS unquestionably satisfies both requirements.

Puerto Rico GERS' claims are typical of the claims of other purchasers of Apollo Group securities. Generally, the test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); s*ee also Medicis*, 2009 U.S. Dist. LEXIS 24093, at *17, *citing Armstrong v. Davis*, 275 F.2d 849, 868 (9th Cir. 2001) (typicality satisfied where each class member's claims arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability). Puerto Rico GERS' claims in this action arise from the very same course of conduct as the claims of the other members of the class: (1) the purchase of Apollo Group securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) being damaged thereby. *See Erikson v. Cornerstone Propane Ptnrs.*, No. C 03-2522 MHP, 2003 U.S. Dist. LEXIS 18009, *11 (N.D. Cal. Sept. 9, 2003).

Puerto Rico GERS likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement is met if "(1) the proposed representative Plaintiff [does] not have conflicts of interest with the proposed class, and (2) the Plaintiff [is] represented by qualified and competent counsel." *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, No. 6 Civ. 2674-PHX-RCB, 2007 U.S. Dist. LEXIS 67354, *19 (D. Ariz. Sept. 10, 2007); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). Puerto Rico GERS easily satisfies the elements of the adequacy requirement. Puerto

Rico GERS' interests are perfectly aligned with those of the other members of the class and are not antagonistic in any way. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Puerto Rico GERS and other class members. Puerto Rico GERS submitted a Certification, affirming its understanding of the duties owed to class members through its commitment to oversee the prosecution of this class action. *See* Cao Decl. at Exh. B. Through its Certification, Puerto Rico GERS accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action. *Id.*

Further, Puerto Rico GERS is a sophisticated institution with experience serving as lead plaintiff on behalf of a class of investors. *See In re Fuqi International, Inc. Sec. Litig.*, Case No. 10-cv-2515-DAB (S.D.N.Y.). Indeed, Puerto Rico GERS is a classic example of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"); *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001) (quoting *Bowman v. Legato Sys.*, 195 F.R.D. 655, 659 (N.D. Cal. 2000)) ("As an institutional investor with a large financial stake in the outcome of this litigation, [Movant] 'is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements.'").

Finally, Puerto Rico GERS has demonstrated its adequacy through the selection of Abraham, Fruchter & Twersky to serve as Lead Counsel to the class. As discussed more fully below, Abraham, Fruchter & Twersky is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

B. The Court Should Approve Puerto Rico
GERS' Selection Of Lead Counsel

The Court should approve Puerto Rico GERS' choice of the law firm of Abraham, Fruchter & Twersky to serve as Lead Counsel, and Weiss & Moy to serve as Liaison Counsel. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Puerto Rico GERS has selected and retained the law firms of Abraham, Fruchter & Twersky to serve as Lead Counsel and Weiss & Moy to serve as Liaison Counsel.

Abraham, Fruchter & Twersky is among the preeminent securities class action law firms, with the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. *See* Cao Decl. at Exh. D (Abraham, Fruchter & Twersky Firm Biography). Abraham, Fruchter & Twersky has successfully prosecuted numerous securities fraud class actions and obtained excellent results on behalf of defrauded investors around the country. *Id.* Likewise, Weiss & Moy is an experienced litigation law firm located and practicing in this District.

Accordingly, the Court should approve Puerto Rico GERS' selection of Abraham, Fruchter & Twersky as Lead Counsel for the class and Weiss & Moy as Liaison Counsel.

C. The Court Should Consolidate The Related Actions

Three related actions are presently pending before this Court. The related actions involve claims on behalf of Class members who purchased Apollo Group securities on the open market during the Class Period. All of the related actions assert essentially the same claims brought on behalf of purchasers of Apollo Group securities for alleged violations of Sections 10(b) and 20(a) of the Exchange Act. All of the related actions name essentially the same defendants and allege substantially identical factual and legal issues. Specifically, the pending actions are:

| CASE | NUMBER | DATE FILED |
|---|---|---|
| *Gaer v. Apollo Group, Inc. et al.* | 10-cv-1735-MHB | 8/13/2010 |
| *Fitch v. Apollo Group, Inc. et al.* | 10-cv-2044-FJM | 9/23/2010 |

| *Roth v. Apollo Group, Inc. et al.* | 10-cv-2121-ROS | 10/4/2010 |

Rule 42 of the Federal Rules of Civil Procedure provides that "if actions pending before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The PSLRA requires that the question of consolidation be decided prior to the determination of the appointment of Lead Plaintiff. *See*, *e.g.*, *Mohanty v. BigBand Networks, Inc.*, No. 07-5101, 2008 WL 426250, at *2 (N.D. Cal. Feb. 14, 2008). Under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation pursuant to Rule 42 is proper and routinely granted in actions such as this, where there are common questions of law and fact. *See*, *e.g.*, *Medicis*, 2009 U.S. Dist. LEXIS 24093, at *4-*5 (affirming "Consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports") (citations omitted); *Mohanty*, 2008 WL 426250, at *2. Courts have recognized that class action shareholder suits are particularly suited to consolidation pursuant to Rule 42 because their unification expedites pretrial proceedings, reduces case duplication, avoids the harassment of parties and witnesses from inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *See*, *e.g.*, *Miller v. Ventro Corp.*, No. 01-1287, 2001 WL 34497752, at *2 (N.D. Cal. Nov. 28, 2001); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits not only simplifies pretrial and discovery motions, class action issues, and clerical and administrative management

duties, but also reduces the confusion that may result from prosecuting related class actions separately. *Id*.

Accordingly, the Court should enter an Order that consolidates the related cases and all future related cases with the instant action.

IV. <u>CONCLUSION</u>

As explained above, Puerto Rico GERS is the "most adequate plaintiff." Puerto Rico GERS has the "largest financial interest" arising out of the purchase of Apollo Group securities. Puerto Rico GERS further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate class representatives with claims typical of the other purchasers of Apollo Group securities. Accordingly, Puerto Rico GERS respectfully requests that the Court: (1) appoint Puerto Rico GERS as Lead Plaintiff; (2) approve the selections of Abraham, Fruchter & Twersky to serve as Lead Counsel and Weiss & Moy to serves as Liaison Counsel; and (3) consolidate all related actions.

Dated: October 15, 2010              Respectfully submitted,

                                     WEISS & MOY, P.C.


                                         *s/ Veronica-Adele R. Cao*
                                     VERONICA-ADELE R. CAO


                                     JEFFREY L. WEISS (Bar. No. 012012)
                                     VERONICA-ADELE R. CAO
                                        (Bar No. 022378)
                                     4204 N. Brown Ave.
                                     Scottsdale, AZ 85251
                                     Tel: (480) 994-8888
                                     Fax: (480) 947-2663
                                     *jweiss@weissiplaw.com*
                                     *vcao@weissiplaw.com*

                                     *Proposed Liaison Counsel for the Class*

                                     ABRAHAM, FRUCHTER &
                                        TWERSKY, LLP

                                     IAN D. BERG
                                     12526 High Bluff Drive, Suite 300
                                     San Diego, CA 92130
                                     Tel:   (858) 792-3448

Fax:   (858) 792-3449
*iberg@aftlaw.com*

- AND -

MITCHELL M.Z. TWERSKY
One Penn Plaza, Suite 2805
New York, NY 10119
Tel:   (212) 279-5050
Fax:   (212) 279-3655
*mtwersky@aftlaw.com*

*Counsel for Puerto Rico Government Employees & Judiciary Retirements Systems Administration and Proposed Lead Counsel for the Class*

**Certificate of Service**

I hereby certify that on October 15, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing was sent to all of the CM/ECF registrants and a courtesy copy to the Court.

Dated: October 15, 2010

                                            *s/ Veronica-Adele R. Cao*
                                            VERONICA-ADELE R. CAO